## UNITED STATES COURT OF APPEALS
## for the Fifth Circuit

_____

No. 96-30438
_____

PATTY N. MERRICK,

Plaintiff-Appellant,

VERSUS

EAST BATON ROUGE PARISH SCHOOL BOARD
AND ROBERT WILLIAMS,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
(94-CV-2732)
_____

March 10, 1997

Before DAVIS, SMITH, and DUHÉ, Circuit Judges.

PER CURIAM:[*]

The district court correctly determined that plaintiff's suit in this case was not timely filed and therefore her claim is time barred.  We agree with the district court that Ms. Merrick failed to produce summary judgment evidence that supports her continuing violation argument so as to avoid the 180-day limitation period to file her charge with the EEOC.

For reasons stated by the district court, we agree that the summary judgment evidence does not demonstrate independent actionable conduct on the part of Williams that occurred during the

_____

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

statutory period (the 180-day period between September 25, 1994 and March 25, 1995). Moreover, the summary judgment evidence does not demonstrate that Ms. Merrick did not know and could not reasonably have been expected to realize that the 1992 sexual harassment was actionable until September 1994. Plaintiff alleged that Williams engaged in unwelcome touching of her breasts and thigh and engaged in other obvious illegal conduct that should have put a reasonable person in Merrick's position on immediate notice that she was a victim of sexual harassment. Merrick does not suggest how later events occurring within the limitations period were needed to alert her to her rights to assert a claim with respect to the 1992 conduct.

AFFIRMED.